LEVI COLE, FOR HIMSELF AND AS GUARDIAN OF GRACIE L. COLE v. NETTIE G. McFALL AND ANN J. GIBBS.

*Interests in the lands and personalty of an intestate.*

G. died intestate leaving both real and personal property and a family consisting of a widow and two married daughters. The daughters agreed that the mother might settle the affairs of the estate without taking out letters of administration. One of them died intestate soon after, leaving a child whose father was appointed guardian for it, and he, with the concurrence of the widow and the other daughter, sold the real property and received the proceeds as assets of G.'s estate. The daughter having sued him for her share, he filed a bill in equity praying that an accounting might be ordered, the share to which each was entitled determined, and the action at law enjoined. *Held*, that there was no case for equitable interference; the proceeds of the personal estate had been left in the widow's hands by consent, and if complainant or his child was entitled to any part of it, an action at law would lie to recover it: the sale of the land did not blend the proceeds with the personalty, but those who owned the land were entitled to the proceeds in the ratio of their shares.

Appeal from St. Joseph. Submitted April 6. Decided April 25.

BILL for accounting. Dismissal affirmed.

*O. J. Fast* and *John B. Shipman* for complainant appellant.

*William Sadler* for defendants.

GRAVES, C. J. This case comes up by appeal against a decree dismissing the bill. The hearing was on pleadings and proofs. The substance of the bill is as follows: Chapin S. Gibbs died without a will, in the county of St. Joseph, in 1869, leaving a widow, the defendant Ann J., and two daughters, the defendant Nettie McFall and Emma Cole, wife of complainant, and who were entitled to decedent's estate subject to the claims of creditors. That his personal property turned out to be worth some $5000 over all liabil-

ities, and that he left besides two village lots in Mendon, in said county. That the widow and daughters mutually agreed to waive taking out letters of administration and the widow was permitted to go on and settle the affairs and receive the assets. That in January, 1872, the daughter Emma Cole died in said county intestate, leaving an only child, the complainant Gracie. That the widow and Mrs. McFall were anxious to sell their interest in said village lots, and said Cole, having become guardian for the daughter Gracie, obtained a license to sell her share, and thereupon with the concurrence of all concerned a sale was effected of the entire interest for $1300, which said Cole received and holds as assets of said Gibbs estate. That an administrator was once appointed on said estate, who resigned, however, without closing up anything, and that the appointment of another is still pending on appeal in the circuit court. That the heirs have never settled and have never known the extent of their respective interests. That the amount received from the sale of the real estate is not sufficient for the shares of said Cole and his daughter. But that said Nettie has nevertheless sued him at law therefor. An accounting is prayed for between these parties and the court is asked to determine the sum to which each is entitled, and to appoint a receiver and enjoin the action at law.

The answer and evidence would deserve very serious consideration if the case made by the bill was founded in equity; but it is not.

As the facts set out appear, the proceeds of the personal estate went into the widow's hands with the assent of both her daughters, and if any part belongs to complainant or his daughter it may be sued for at law. The land fell to the daughters under the law of inheritance, subject to the widow's dower, and the sale made afterwards had no effect to blend it with the estate which was left in the form of personalty. It was already the real estate of the persons entitled, and the sale was a sale of their lands, and as between them the proceeds were their moneys in the proportion of their respective ownerships, and not moneys belonging to

the mass left in the form of personal property and disposable under the Statute of Distributions. The circumstance that a proceeding is now pending to call into activity the powers of the probate court for the closing up of the estate may be passed without comment. There appears to be no basis for an account in equity or any kind of chancery interference.

The decree is affirmed with costs.

The other Justices concurred.